# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG NICHOLS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00526-SEP |
| | ) | |
| ALLY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Craig Nichols, Jr.'s Application to Proceed in District Court Without Prepayment of Fees and Costs and Motion to Appoint Counsel. *See* Docs. [2], [3]. For the reasons set forth below, the Court denies both motions without prejudice.

Plaintiff has not answered Question 3 on the application, which seeks information regarding Plaintiff's income from sources other than gross pay or wages for the last year. He has checked the box indicating he receives income from a business, profession, or other self-employment, but has not answered as to the source of money, the amount of money received, and what he expects to receive in the future. And he has not checked any of the boxes to indicate whether he receives income from rents, pensions, disability, gifts, or other sources. *See* Doc. [3] at 1. As a result, the Court cannot determine whether Plaintiff qualifies to proceed *in forma pauperis* and denies without prejudice his application. The Court orders Plaintiff to, no later than 14 days from the date of this Memorandum and Order, either (1) pay the $405 filing fee or (2) file a complete application to proceed without prepaying fees and costs, including fully answering Question 3. Failure to timely pay the filing fee or file a completed application will result in dismissal of the case without prejudice and without further notice.

The Court also denies Plaintiff's Motion to Appoint Counsel at this time. Doc. [2]. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). When determining whether to appoint counsel for an indigent litigant, a court considers such relevant factors as the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the ability of the litigant to present his or her claims. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794

(8th Cir. 2006). After reviewing these factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has thus far demonstrated that he can adequately present his claims to the Court. And neither the factual nor the legal issues in this case appear to be complex. The Court may entertain a request for appointment of counsel later in the case if circumstances change.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepayment of Fees and Costs, Doc. [3], is **DENIED** without prejudice. The Court orders Plaintiff to, within 14 days of the date of this Memorandum and Order, either (1) pay the $405 filing fee or (2) file a complete application to proceed in district court without prepaying fees or costs.

**IT IS FURTHER ORDERED** that the Clerk shall provide Plaintiff a copy of the Court-provided form for seeking leave to proceed without prepaying fees or costs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [2], is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that, if Plaintiff does not comply with this Memorandum and Order, this matter will be dismissed without prejudice.

Dated this 19th day of February 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2