**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CRAIG NICHOLS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-cv-00526-SEP |
| | ) | |
| ALLY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Craig Nichols, Jr.'s Response to the Court's Order to Show Cause dated February 27, 2026.   Doc. [8].   For the following reasons, the Court strikes from the record Plaintiff's Motion for Return of Repossessed Vehicle and Damages as a sanction for violation of Federal Rule of Civil Procedure 11(b).

In its Show Cause Order, the Court noted several inaccuracies, fabrications, and deficiencies in Plaintiff's Motion and ordered Plaintiff to show cause why the Motion should not be stricken from the record for violation of Federal Rule 11.   *See* Doc. [7].   Plaintiff responded to the Show Cause Order a week past the deadline without seeking leave of court.[1]   In his response, Plaintiff states that he did not intend for the Motion to mislead the Court or present inaccurate legal authority, citation errors, and placeholder text.   Doc. [8] at 1.   He blames his lack of legal training and his belief in learning through experience.

Plaintiff's lack of legal training does not excuse many of the facial deficiencies in the Motion, such as his reference to non-existent "attached evidentiary submissions," "filed documentation," and "attached payment records."   Doc. [5] at 1-2.   Nor does a lack of legal training excuse such nonsensical allegations as that Defendant Ally Bank worked "with state actors" and "violated Plaintiff's . . . Sixth Amendment right to confront accusers regarding the underlying arrest warrant."   *Id.* at 2.   And nothing more than common sense was necessary for Plaintiff to discern that the Motion was not "a true and correct copy of the Declaration of Independence (circa 1776)," as he attested it was.   *Id.* at 4.

---

[1] In the interest of judicial efficiency, the Court will *sua sponte* grant Plaintiff leave to file his response out of time.

Plaintiff need not have acted in bad faith to trigger a Rule 11 violation. *See Adduono v. World Hockey Ass'n*, 824 F.2d 617, 621 (8th Cir. 1987) ("The revised rule changes the standard from a subjective good faith standard to an objective standard."). "There is no *pro se* exception to Rule 11(b)." *Turnage v. Associated Bank, N.A.*, 2025 WL 3052638, at *3 (D. Minn. Sept. 12, 2025), *aff'd summarily*, 25-3092 (8th Cir. Nov. 25, 2025). And the Court has "broad discretion in the choice of sanctions." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018). The Court finds that Plaintiff's Motion contains allegations and factual contentions that lack evidentiary support in violation of Rule 11. To deter the repetition of Plaintiff's conduct, the Court will strike from the record his Motion for Return of Repossessed Vehicle and Damages as a sanction for violation of Rule 11.[2] *See* FED. R. CIV. P. 11(c)(4).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Return of Repossessed Vehicle and Damages, Doc. [5], is **STRICKEN** from the record.

Dated this 31st day of March, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[2] This sanction aligns with other sanctions in this district for similar conduct. *See, e.g.*, *Mills v. City of St. Louis*, 2026 WL 251781, at *3 (E.D. Mo. Jan. 30, 2026) (dismissing claims with prejudice).